

**FILED**

MAY 0 6 2024

U.S. DISTRICT COURT- WVND
MARTINSBURG, WV 25401

**United States Department of Justice**

*William Ihlenfeld*
*United States Attorney*
*United States Attorney's Office*
*Northern District of West Virginia*

January 19, 2024

Kevin Mills, Esq.
Mills and Associates, PLLC
1800 King Street
Martinsburg, WV 25401

      In re: *United States of America v. Frame Incorporated*
            Criminal Action No. 3:24-CR-_____

Dear Kevin:

      This will confirm conversations with you concerning your client, Frame Incorporated (hereinafter referred to as "Defendant"). All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

      It is agreed between the United States and your client as follows:

      1.     Defendant will waive grand jury presentment and plead guilty by Information to Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Sections 1343 and 1349.

      2.     The maximum penalty to which Defendant will be exposed by virtue of this plea of guilty is five years' probation; a fine of $500,000 or not more than the greater of twice the gross gain or twice the gross loss, whichever is greater; mandatory restitution, dissolution of the corporation, and permanent debarment from governmental contracting. Maximum jail sentences under this section are omitted pursuant to *Melrose Distillers, Inc. v. United States*, 359 U.S. 271, 274 (1959), which holds that corporations cannot be sentenced to jail or serve jail sentences; thus, Defendant is not subject to a term of imprisonment.

_____      2-27-24
James Frame, Owner Frame Inc., Defendant      Date

_____      2-27-2024
Kevin Mills, Esq., Counsel for Defendant      Date

It is further understood by Defendant that there is a special mandatory assessment of $400.00 (18 U.S.C. § 3013(a)(2)(B)) per felony conviction **which must be paid within 40 days following entry of this plea** by money order or certified check to the United States District Court. It is also understood that Defendant may be required by the Court to pay the costs of his incarceration, supervision, and probation.

3. Defendant will make appropriate disclosures of relevant factual information and documents, make employees and agents available for debriefing, file appropriate certified financial documents, agree to governmental or third-party audits, and take whatever other steps are necessary to ensure that the full scope of the corporate wrongdoing is disclosed.

4. A. Nothing contained in any statement or any testimony given by Defendant, pursuant to paragraph 3, will be used against him as the basis for any subsequent prosecution. Defendant understands that the use immunity granted in this agreement does not cover any statements or admissions that you committed, or were directly involved in committing, a crime of violence. This means that such statements or admissions can be used against the Defendant in any state or federal prosecution. In this regard, Defendant admits that, prior to the proffer, pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1996), you have been adequately advised and warned that any admission that you committed, or were directly involved in committing, a crime of violence is not covered by the use immunity under this agreement. It is further understood that any information obtained from Defendant in compliance with this cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range.

B. This agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement.

C. In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of paragraph 3 above.

5. At final disposition, the United States will advise the Court of Defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.

_____     2-22-24
James Frame, Owner Frame Inc., Defendant    Date

_____    2-22-2024
Kevin Mills, Esq., Counsel for Defendant    Date

6. There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or Defendant's counsel as to what the final disposition in this matter should and will be. This agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B); however, Defendant understands that the Court is **not** bound by these sentence recommendations, and that Defendant has **no** right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

7. The United States will make the following **nonbinding** recommendations:

   A. If, in the opinion of the United States Attorney's Office, Defendant accepts responsibility and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, then the United States will concur in and make such recommendation;

   B. Should Defendant give timely and complete information about its criminal involvement and provide timely notice of its intent to plead guilty, thereby permitting the United States to avoid trial preparation **and if he complies with all the requirements of this agreement, and if the Defendant is eligible under the "Guidelines,"** then United States will recommend an additional one level reduction, so long as Defendant executes the plea agreement on or before **Friday, February 23, 2024** and returns an executed copy to the United States by that day; and

8. If in the opinion of the United States, the Defendant either engages in conduct defined under the Applicable Notes of Guideline 3C1.1, fails to cooperate as promised, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the Defendant will not have the right to withdraw the plea.

9. Pursuant to Sections 6B1.4, 1B1.3, and 2B1.1 of the Guidelines, the parties hereby stipulate and agree that: **the base offense level is 7 pursuant to § 2B1.1(a). Pursuant to § 2B1.1(b)(1)(F), a 10-level increase applies because the loss was greater than $150,000 but less than $250,000. Specifically, the parties stipulate and agree that the actual loss amount associated with the defendant is $187,286.00. The parties also stipulate that the organization's base fine is $450,000 pursuant to the offense level fine table in § 8C2.4(d). The organization's culpability score is a 2 pursuant to § 8C2.5, with adjustments given for the organization's cooperation and acceptance of responsibility. Using the culpability score from § 8C2.5 the applicable minimum and maximum fine multipliers determine a fine range of $180,000 to $360,000.**

_____  
James Frame, Owner Frame Inc., Defendant

2-22-24  
Date

_____  
Kevin Mills, Esq., Counsel for Defendant

2-22-2024  
Date

-3-

The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulation and is not required to accept the same. Defendant understands and agrees that should the Court not accept the above stipulation, Defendant will not have the right to withdraw his plea of guilty.

10. Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, Defendant waives the following rights:

   A. Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all rights to appeal the Defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

   B. The Defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

   C. To challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Nothing in this paragraph, however, will act as a bar to Defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

This waiver of appellate rights is not intended to represent the Defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent Defendant from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

11. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of

_/s/ James Frame_        2-22-24
James Frame, Owner Frame Inc., Defendant    Date

_/s/ Kevin Mills_        2-22-2024
Kevin Mills, Esq., Counsel for Defendant    Date

the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Defendant's background, criminal record, the offense charged in the ~~Superseding Indictment~~ Information and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made by the Court, by Defendant or his counsel.


KDC
/s/ KDM

12. The defendant stipulates that the amount of the proceeds obtained by him as a result of the offense conduct underlying this agreement is $187,286.00, and restitution shall be due and payable immediately. The corporation agrees to the immediate entry of a forfeiture money judgment in the amount of $187,286.00.

> A. The defendant stipulates that substitute property is subject to forfeiture because, as a result of the defendant's acts and omissions, all property subject to direct forfeiture is not available for forfeiture for the reasons described in 21 U.S.C. § 853(p)(1), subparagraphs (A) – (E). Until the value of such property subject to direct forfeiture has been forfeited, the defendant will not contest the forfeiture of any substitute asset the government seeks to forfeit.
>
> B. The defendant agrees to identify any property that could be forfeited as substitute property. The defendant further agrees to take all steps as requested by the United States to obtain from any other person, by any lawful means, all records of assets ever owned by the defendant. The defendant also agrees to execute any deed or other document containing any necessary assurance to effectuate the transfer of title to forfeitable assets to the United States, and testify truthfully in any judicial forfeiture proceeding.
>
> C. The defendant hereby waives all interest in any property subject to this plea agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. By signing this agreement, the defendant hereby withdraws any claim the defendant may have filed in any administrative forfeiture action and agrees to the entry of a Declaration of Forfeiture. The defendant also agrees to consent to the entry of orders of forfeiture for such property and waives the requirement of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, the announcement of the forfeiture at sentencing, and the incorporation of the forfeiture in the judgment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

_/s/ James Frame_      2-22-24
James Frame, Owner Frame Inc., Defendant     Date

_/s/ Kevin Mills_      2-22-2024
Kevin Mills, Esq., Counsel for Defendant     Date

D. The defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant further waives any failure by the Court to advise the defendant of the applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J).

E. The United States agrees to make a non-binding recommendation to the Money Laundering and Asset Recovery (MLARS) Section at the Department of Justice that any monies obtained from the defendant through forfeiture be distributed to the victims of the offense in accordance with any restitution order entered in this case.

13. Defendant stipulates to the existence of the requisite forfeiture nexus between the offense conduct underlying this agreement and the property constituting, or derived from, proceeds traceable to the defendant's wire fraud offense.

14. Defendant agrees that restitution is mandatory pursuant to 18 U.S.C. § 3663A. The Defendant agrees that an offense listed in § 3663A(c)(1) gave rise to this plea agreement and as such, the victim of the conduct described in the charging instrument, statement of facts, or any related or similar conduct shall be entitled to restitution. The Defendant agrees to pay restitution in the amount of $187,286.00.

The defendant agrees to pay restitution to the fullest extent possible before he is sentenced. Any payments made before sentencing should be made only after consulting with the United States Attorney's Office Financial Litigation Unit. After such consultation, any restitution payment shall be made by certified/cashier check or money order payable to Clerk, U.S. District Court and mailed to Clerk, U.S. District Court, Attn: Fines & Restitution, P.O. Box 1518, Elkins, WV 26241.

If the defendant is financially able to pay part or all of the restitution prior to sentencing and fails to do so, then the Office of the United States Attorney shall have the right to withdraw any sentencing recommendations and/or to void this Agreement.

The defendant agrees that any restitution that is not paid before sentencing will be due and payable immediately after sentencing and subject to immediate enforcement pursuant to 18 U.S.C. § 3613. The defendant also agrees that the United States, through the Financial Litigation Unit for the United States Attorney's Office for the Northern District of West Virginia may submit any unpaid criminal monetary penalty to the United States Department of Treasury to be included in the treasury offset program, regardless of the defendant's payment history.

_____   2-22-24
James Frame, Owner Frame Inc., Defendant   Date

_____   2-22-2024
Kevin Mills, Esq., Counsel for Defendant   Date

- 6 -

The defendant acknowledges and agrees that if the Court imposes a payment schedule for the payment of any criminal monetary penalty, that payment schedule shall be the minimum payment obligation and shall not be the only method or a limitation on the methods available to the United States to enforce the criminal monetary penalty judgment.

Until restitution is paid in full, the defendant agrees to a voluntary garnishment of twenty-five percent (25%) of all nonexempt net disposable earnings from any employment, without prior demand under the Federal Debt Collection Procedures Act (28 U.S.C. § 3205). To this end, the defendant waives any exceptions under the Consumer Credit Protection Act (15 U.S.C. § 1673).

The defendant authorizes the United States Attorney's Office for the Northern District of West Virginia to access his credit report to assess his financial condition.

The defendant agrees to provide any financial information requested by the United States Attorney's Office for the Northern District of West Virginia or United States Probation and Pretrial Services. If requested, the defendant agrees to participate in a pre-sentence financial examination under oath before a court reporter in order to assess his financial condition. The defendant hereby agrees that the United States Attorney's Office for the Northern District of West Virginia may share any financial information obtained from the defendant with United States Probation and Pretrial Services and vice versa.

The defendant agrees not to encumber, sell, transfer, or in any other way dispose of any assets without authorization from the United States or the Court.

15. Frame Incorporated agrees to debarment from government contracts.

16. Defendant understands that the United States Sentencing Guidelines are now advisory and no longer mandatory. It is therefore understood that the sentencing court may ascertain and impose a sentence below or above the applicable Guideline range, so long as that sentence is reasonable and within the statutory maximum specified in Title 18 of the United States Code for the offenses of conviction.

17. If Defendant's plea is not accepted by the Court or is later set aside or if he breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

18. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture) and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

_____  
James Frame, Owner Frame Inc., Defendant

Date: 2-22-24

_____  
Kevin Mills, Esq., Counsel for Defendant

Date: 2-22-2024

-7-

19. The above seventeen (18) paragraphs constitute the entire agreement between Defendant and the United States of America in this matter. **There are no agreements, understandings, or promises between the parties other than those contained in this Agreement.**

Very truly yours,

WILLIAM IHLENFELD
United States Attorney

By: Kimberley Crockett
Assistant United States Attorney

*As evidenced by my signature at the bottom of the eight (8) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.*

_____
James Frame, Owner Frame Inc., Defendant

2-22-24
Date

_____
Kevin Mills, Esq., Counsel for Defendant

2-22-24
Date